UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICHOLAS GREGORY ZURFLUH,<br><br>    Plaintiff,<br><br>    v.<br><br>TOYOTA FINANCIAL SERVICES,<br><br>    Defendant. | CASE NO. C24-5285 BHS<br><br>ORDER |

THIS MATTER is before the Court on pro se plaintiff Nicholas Gregory Zurfluh's renewed motion for a default judgment. Dkt. 9. The Court denied Zurfluh's prior request because he had not shown, by affidavit or otherwise, that he had served defendant Toyota Financial Services under the Federal Rules of Civil Procedure; he had instead simply mailed a copy of his complaint. Dkts. 3, 5, 7.

Zurfluh now contends that he has properly served Toyota Financial Services by personally serving on its registered agent in Texas a "complaint, and request for injunction; notice of request for documents; notice of recession [sic] of transaction; notice of default." Rule 4(c)(1) requires, however, that a plaintiff properly serve "a summons with a copy of the complaint." There remains no evidence that Zurfluh has properly

ORDER - 1

served a summons on the defendant. He is therefore not entitled to default under Rule 55(a), much less a default judgment under Rule 55(b).

Upon entry of default, this Court takes as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted).  The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.* One of the primary factors the court evaluates is the "merit of the plaintiff's substantive claim." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Zurfluh's substantive claim is that in March of 2024, he rescinded his December 11, 2023 purchase of a 2024 Camry at Toyota of Puyallup. Dkt. 1 at 4; Dkt. 4 at 2. He contends he "exercised his right of recission under 15 U.S.C. § 1635." He seeks to have his "account closed and the title released in my good name." Dkt. 1 at 4.

15 U.S.C. § 1635 facially does not apply to the purchase of an automobile; it applies to consumer credit transactions secured by the purchaser's "the principal dwelling"—his residence. 15 U.S.C. § 1635(a). And even if it applied, the statute plainly

requires the buyer to exercise his right to rescind with "three days" of the purchase. 15 U.S.C. § 1635(f). Zurfluh appears to have waited more than three months.

The motion for default judgment is **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of July, 2024.

BENJAMIN H. SETTLE
United States District Judge