UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICHOLAS GREGORY ZURFLUH,<br><br>      Plaintiff,<br><br>  v.<br><br>TOYOTA FINANCIAL SERVICES,<br><br>      Defendant. | CASE NO. C24-5285 BHS<br><br>ORDER |

THIS MATTER is before the Court on pro se plaintiff Nicholas Gregory Zurfluh's request for judicial notice, Dkt. 13, his renewed motion for an evidentiary hearing, Dkt. 14, and the Court's own motion after reviewing Zurfluh's complaint and other filings.

Zurfluh's first request informs the Court that, "as beneficiary, plaintiff acknowledges and accepts the Judge Benjamin H. Settle's Oath to the Constitution for the United States in the form of a trust and binds him to it." Dkt. 13 at 1. The import of this assertion is unclear. Under the Rules of Evidence, a court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot

ORDER - 1

reasonably be questioned." Fed. R. Evid. 201(b). Zurfluh requests that the Court take judicial notice of an unclear and perhaps dubious legal conclusion, not an easily ascertainable fact.[1] His request is **DENIED**.

Zurfluh's renewed motion for an evidentiary hearing is also unclear. He asserts he wants to "introduce documents, where he requested a full accounting pursuant to 15 U.S.C. § 1666 and UCC 9-210." Dkt. 14 at 1. He seeks to demonstrate that he asked for the "Money Net Daily Transaction Report Log 120" and did not receive it. Zurfluh intends to show that defendant Toyota Financial Services did not give him documents he asked for, and that it did not return his property (presumably, his down payment and any monthly payments) when he exercised "his right of recission under 15 U.S.C. § 1635, which entitles him to keep the property" (presumably, the car). *Id*.

It is well established that pro se litigants are not held to the same standard as licensed attorneys. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). Regardless of technical deficiencies, a pro se litigant's pleading—his complaint—should be judged only by function, not form. *Id.* This rule is almost uniformly applied when a pro se plaintiff is seeking to proceed *in forma pauperis* or is defending a motion to dismiss.

But the rule of liberal construction does not apply to a pro se litigant's own motions; a pro se plaintiff is not immune from the rules of civil procedure. Although the Court must construe his complaint liberally, a pro se litigant "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.

---

[1] Judge Settle's statutory oath of office is a matter of public record.

1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012).

Zurfluh has not articulated a need for an evidentiary hearing. The documents and other evidence he seeks to introduce can be put before the Court through a proper Declaration, and the legal relief he seeks can and should be sought through a written motion, supported by on-point legal authority and analysis. The Federal Rules of Civil Procedure and the Local Rules for the Western District of Washington detail how and when such motions and evidence should be submitted. The motion for an evidentiary hearing is **DENIED**.

The Court already addressed the substantive merit of Zurfluh's rescission claim in denying his motion for a default judgment. Dkt. 10. The Truth In Lending Act (TILA) facially applies to consumer credit transaction secured by the borrower's principal dwelling—his home. 15 U.S.C. § 1635(a). Even if it applied to the purchase of an automobile, that statute requires the borrower to rescind within **three days** of the transaction. 15 U.S.C. § 1635(f). Zurfluh concedes he purchased the Camry in December 2023, and did not attempt to rescind until March 2024.

It appears he still has the car, and he now asks the Court to conclude and rule that he is entitled to keep it, along with a refund of the money he has paid toward its purchase. Nothing in any of the authorities he has cited supports such an outcome. Instead, the law is firmly to the contrary. *See, e.g., Burton v. Bank of America, N.A.*, No. C15-5769 RBL, 2016 WL 2595204 at *3 (W.D. Wash. May 5, 2016) (no "legal or logical support" for plaintiff borrower's claim that § 1635(a) recission entitles him to both a refund and

retention of the home he purchased with borrowed money); *Johnson v. Bank of New York Mellon,* No. C16-0833 JLR, 2016 WL 3430831 (W.D. Wash. June 22, 2016) (ordering plaintiff's counsel to show cause why sanctions should not be imposed for repeatedly ignoring binding TILA authority).

Zurfluh is therefore **ORDERED** to **SHOW CAUSE** in writing why this case should not be dismissed with prejudice for failure to state a plausible claim, within **21 days**. If he does not, the case will be dismissed without further notice.

**IT IS SO ORDERED**.

Dated this 5th day of September, 2024.

BENJAMIN H. SETTLE
United States District Judge